## MARY DODSON *against* THOMAS DAVIS.

Widow not entitled to dower of lands held under warrant, and sold by her husband in 1775.

DOWER of lands in Coventry township, Chester county. Plea *ne unques seisie que* dower.

The action was tried before M'Kean, C. J. and Yeates, J. at West Chester, May assizes 1794, when the following facts appeared in evidence.

Thomas Dodson, husband of the demandant, settled on the lands in question, and improved the same several years without an office title.

On the 26th May 1776, he paid 5l. into the receiver general's office, and obtained a warrant for 100 acres of land, and also an order of like date from William Parsons, surveyor general, to have a survey made.

On the 14th January 1755, Thomas Dodson entered into an agreement with John Davis, under whom the tenant claims, respecting the sale of the land, in consideration of 152l. 10s., and afterwards received the full amount thereof.

On the 25th April 1755, a survey of 128 acres and 70 acres of land were made, which was not returned into the surveyor

general's office on the 27th March 1788.   John Davis, in the same month, paid 36*l.* 14*s.* 6*d.*, the residue of the purchase money, into the office of the receiver general, and on the 27th April 1790, a patent issued to his son, Thomas Davis.

On the trial it was agreed that a verdict should be entered for the demandant, with six pence damages and six pence costs, subject to the court's opinion on the point reserved, whether the said John Davis had such an estate in the premises as would entitle the demandant to dower.

Messrs. T. Ross for the demandant and Tilghman for the tenant, submitted the question to the decision of the court, without arguing the same.

*Per curiam.* Dower must be of a legal estate in the husband. The right which John Davis had to these lands in 1755 cannot be deemed such.   Under the customs and established practice of the country, lands warranted and even surveyed, were considered at that early period and afterwards as chattel interests, and sold as such in the course of administration.   This doctrine has been established in a variety of cases, and particularly in Duncan's lessee *v.* Walker, in January term 1793.   Judgment therefore must be entered for the tenant.